**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
GERALYN GANCI,

                              Plaintiff,

            - against -

U.S. LIMOUSINE SERVICE, LTD. and
RAYMOND TOWNSEND

                            Defendants.
----------------------------------------------------------X

**ORDER**

CV 10-3027 (JFB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

This is an employment discrimination case in which Plaintiff claims, *inter alia*, that Defendant Raymond Townsend sexually harassed Plaintiff when she was an employee of U.S. Limousine Service, Ltd. ("U.S. Limousine"). Pending before me is Defendants' motion to compel the re-examination of non-party witness John Ganci, Plaintiff's father, and for sanctions. *See* DE 29. Specifically, Defendants seek to further depose Mr. Ganci concerning whether he ever worked for U.S. Limousine after receiving information that allegedly contradicts his prior testimony that he did not work for U.S. Limousine.

Defendants initially submitted a letter brief addressing this issue on August 8, 2011. *See* DE 27. I denied the motion without prejudice because Defendants failed to provide any legal support/case law for their motion. I further ordered than any renewed motion should address: the timing of Defendants' FOIL request; (2) why the motion was made three weeks before the discovery deadline; and (3) why the issue could not be adequately addressed on cross-examination of the witness at trial. On August 12, 2011, Defendants filed a renewed motion which included citations to case law and addressed the other issues raised by the Court.

*See* DE 29.  Plaintiff's response followed.  *See* DE 30.  The deadline by which the parties were to complete all discovery, except for expert depositions, expired on August 31, 2011.  *See* DE 26.  I have reviewed both parties' submissions and for the reasons set forth below, Defendants' motion is GRANTED in part and DENIED in part.

According to Defendants' characterization of Mr. Ganci's prior testimony, Mr. Ganci stated that he never worked for U.S. Limousine, but rather worked for "Limo Please," an affiliate of U.S. Limousine.  DE 29 at 1.  After the deposition, Defendants submitted FOIL requests to the Nassau County Taxi & Limousine Commission and the Town of North Hempstead and received Mr. Ganci's chauffeur license applications which list the employer as U.S. Limousine.  *See id.* Defendants contend that Mr. Ganci's employment relationship with U.S. Limousine is relevant because Defendants are permitted to draw an adverse inference from the fact that Mr. Ganci continued to work for U.S. Limousine – after Defendant Townsend allegedly sexually assaulted Ganci's daughter – without reporting the incident to U.S. Limousine management or law enforcement.  *Id.* at 2-3.  Defendants argue that sanctions are warranted because Mr. Ganci has perpetrated a fraud on the Court by falsely testifying that he never worked for U.S. Limousine. *Id.* at 2.

Plaintiff's position is that the statement of Defendants' counsel at the conclusion of Mr. Ganci's deposition that she had "no further questions" precludes further examination.  DE 30 at 1-2.  Plaintiff further argues that the testimony sought is irrelevant because Mr. Ganci was not a witness to the alleged sexual assault on Plaintiff by Defendant Townsend.  *Id.* at 2.

Pursuant to Rule 30(a)(2)(A)(ii), leave of Court is required to conduct a deposition when "the deponent has already been deposed in the case . . . ."  The Court has discretion to make a

2

determination which is fair and equitable under all the relevant circumstances. *See generally Innomed Labs LLC v. Alza Corp.,* 211 F.R.D. 237, 239 (S.D.N.Y. 2002).

Although the Rule requires a party to seek leave of court, it also provides that the Court "must grant leave to the extent consistent with Rule 26(b)(2) . . . ." The principles guiding the Court's discretion are those set forth in Rule 26(b)(2), which include whether the second deposition of the witness would be unnecessarily cumulative, whether the party requesting the deposition has had other opportunities to obtain the same information, and whether the burden of a second deposition outweighs its potential benefit. *See Fresnius Med. Care Holdings, Inc. v. Roxane Laboratories, Inc.*, No. 2:05-cv-0889, 2007 WL 764302, at *2 (S.D. Ohio March 9, 2007); *Collins v. Int'l Dairy Queen,* 189 F.R.D. 496 (M.D. Ga.1999); *Keck v. Union Bank of Switzerland*, No. 94 Civ. 4912, 1997 WL 411931, at *3 (S.D.N.Y. July 22, 1997); *Hurley v. JARC Builders, Inc.,* 164 F.R.D. 39 (E.D. Pa.1995).

Courts will typically reopen a deposition where there is new information on which a witness should be questioned. *See, e.g, Vincent v. Mortman*, No. 3:04 CV 491, 2006 WL 726680, at *1-2 (D. Conn. Mar. 17, 2006) (allowing plaintiff to reopen deposition when one witness' deposition contradicted defendants' deposition and medical records); *Chang v. Safe Horizons*, No. 03 Civ. 10100, 2004 WL 1874965, at *2 (S.D.N.Y. Aug. 18, 2004); *Keck*, 1997 WL 411931, at *2 (deposition reopened where affidavit provided evidence conflicting with witness testimony). Where the deposition is reopened because of newly discovered information, the questioning of the witness is limited to those questions relating to the newly produced information. *See Vincent*, 2006 WL 726680, at *2; *Keck,* 1997 WL 411931, at *2-4.

I find that Defendants have satisfied the standard for reopening the deposition of non-party John Ganci. However, Mr. Ganci may be questioned for no more than two hours and the topics to be covered during the continued deposition shall be limited to information received by Defendants in response to their FOIL requests and other information learned since Mr. Ganci's first deposition. The deposition shall not be unreasonably cumulative since it will be limited to new information and the burden of the continued deposition is slight given that it is limited to two hours. I disagree with the argument of Plaintiff's counsel that there is "no relevance whatsoever to any continued examination of the non-party witness." *See* DE 30 at 3. Defendants are instructed to serve another subpoena on Mr. Ganci immediately, providing him with a reasonable notice period (e.g., at least fourteen (14) days). The deposition shall be conducted on or before October 20, 2011.

I decline to impose the sanctions sought by Defendants. I note that Defendants have not provided me with a full transcript of Mr. Ganci's deposition. Based on what the Court has received, it is difficult to conclude that the witness perjured himself, although some of Mr. Ganci's answers are demonstrably evasive. This denial of sanctions is made without prejudice and Defendants' counsel may renew the motion if there is a good faith basis to do so upon the completion of Mr. Ganci's re-opened deposition. If counsel proceeds in this manner, she is to provide the Court with a complete transcript of both days of Mr. Ganci's deposition.

Counsel are reminded that despite the fact that Mr. Ganci's deposition may be conducted after the deadline for the completion of discovery, all other dates and deadlines in the Case Management and Scheduling Order remain in effect. *See* DE 26.

**SO ORDERED.**

Dated: Central Islip, New York
       September 21, 2011

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge