# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

№ 10-CV-3027 (JFB) (AKT)

GERALYN GANCI,

Plaintiff,

VERSUS

U.S. LIMOUSINE SERVICE LTD. AND RAYMOND TOWNSEND,

Defendants.

**MEMORANDUM AND ORDER**
April 2, 2015

JOSEPH F. BIANCO, District Judge:

Plaintiff Geralyn Ganci ("plaintiff") brought this action against U.S. Limousine Service Ltd. ("U.S. Limousine") and Raymond Townsend (collectively, "defendants"), asserting claims of employment discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, in addition to claims under New York law. At the time the initial complaint was filed, plaintiff was represented by Ronald Lenowitz, a solo practitioner. In April 2014, Mr. Lenowitz was replaced as counsel by the law firm of Stagg, Terenzi, Confusione & Wabnik, who have represented plaintiff to the present day.

Following the change in counsel, the case proceeded to trial. At the conclusion of a six day trial, a jury returned a verdict in favor of the plaintiff. Now before the Court is plaintiff's motion for her attorneys' fees and costs. For the reasons set forth below, the Court awards $162,578.50 in attorneys'

fees and $2,768.16 in costs for the work performed by Stagg, Terenzi, Confusione & Wabnik, and $4,900.00 in fees for the work performed by Mr. Lenowitz. The Court also awards Mr. Lenowitz $400.00 in costs.

I. DISCUSSION

A. Attorneys' Fees

Plaintiff has submitted two applications for attorneys' fees: one from Mr. Lenowitz, and one from Stagg, Terenzi, Confusione & Wabnik. "The general rule in our legal system is that each party must pay its own attorney's fees and expenses." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 550 (2010). However, Congress has authorized the award of "a reasonable attorney's fee" to the "prevailing party" in actions under Title VII. *See* 42 U.S.C. § 2000e-5(k); *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't. of Health & Human Resources*, 532 U.S. 598, 603 n.4 (2001). There is no dispute here that plaintiff is the

prevailing party, and accordingly an award of counsel fees is merited.

Generally, to determine a reasonable attorney's fee, a court must calculate a "lodestar figure," which is determined by multiplying the number of hours reasonably expended on a case by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997). "Both [the Second Circuit] and the Supreme Court have held that the lodestar . . . creates a 'presumptively reasonable fee.'" *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008); citing *Perdue*, 559 U.S. 542). "'[T]he lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee' . . . ." *Perdue*, 559 U.S. at 553 (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565–66 (1986)). Thus, the Supreme Court has recognized that "the lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Id.* at 551 (emphasis in original).

Reasonable Hourly Rate

"The reasonable hourly rate is the rate a paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 190. In *Arbor Hill*, the Second Circuit instructed district courts to consider the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92–93 (1989). *See Arbor Hill*, 522 F.3d at 190.

The twelve *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 186 n.3 (quoting *Johnson*, 488 F.2d at 717–19). Finally, a district court should also consider "that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively," and "that such an individual might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case." *Id.* at 190. "The burden rests with the prevailing party to justify the reasonableness of the requested rate," and plaintiff's attorney "should establish his hourly rate with satisfactory evidence—in addition to the attorney's own affidavits." *Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 298 (E.D.N.Y. 2012).

Reasonable Hours

"The party seeking attorney's fees also bears the burden of establishing that the number of hours for which compensation is sought is reasonable." *Custodio v. Am. Chain Link & Const., Inc.*, No. 06-CV-7148

2

(GBD), 2014 WL 116147, at *9 (S.D.N.Y. Jan. 13, 2014) (citing *Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994)). "Applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch*, 148 F.3d at 173. "Hours that are 'excessive, redundant, or otherwise unnecessary,' are to be excluded, and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'" *Id.* (quoting *Hensley*, 461 U.S. at 434; *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983)); *see also Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994) ("We do not require that the court set forth item-by-item findings concerning what may be countless objections to individual billing items."). This is because trial courts "need not, and indeed should not, become green-eyeshade accountants" when reviewing fee applications. *Torres v. Gristede's Operating Corp.*, 519 F. App'x 1, 4 (2d Cir. 2013) (quotation omitted).

With these standards in mind, the Court addresses the motions for counsel fees. The Court first considers the submission of plaintiff's original counsel, Ronald Lenowitz, who represented plaintiff from the filing of the complaint through the motion for summary judgment. The Court then considers the fee application submitted by plaintiff's replacement counsel from the law firm of Stagg, Terenzi, Confusione & Wabnik, who represented plaintiff at trial and during post-trial motion practice.

1. Plaintiff's Original Counsel

As a threshold matter, the Court concludes that the submissions of plaintiff's previous counsel, Ronald Lenowitz, do not meet the requirements for an award of attorney's fees. "The burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed." *Hugee*, 852 F. Supp. 2d at 298 (citing *Hensley*, 461 U.S. at 433). Motions for attorneys' fees in this Circuit must comply with *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983), which requires attorneys to submit contemporaneous time records that specify "the date, the hours expended, and the nature of the work done." *Id.* at 1148. The contemporaneous time records requirement is strictly enforced, and as a result the records must be made "while the work is being done or, more likely, immediately thereafter. Descriptions of work recollected in tranquility days or weeks later will not do." *United States ex rel. Krause v. Eihab Human Servs.*, No. 10-CV-898 (RJD), 2014 U.S. Dist. LEXIS 136599, at *8 (E.D.N.Y. June 6, 2014) (quoting *Handschu v. Special Servs. Div.*, 727 F. Supp. 2d 239, 249 (S.D.N.Y. 2010), *report and recommendation adopted*, 2014 U.S. Dist. LEXIS 136599 (E.D.N.Y. Sept. 25, 2014).

When an attorney fails to keep contemporaneous records, a motion for fees must ordinarily be denied in its entirety. *Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010) ("*Carey* establishes a strict rule from which attorneys may deviate only in the rarest of cases."); *Riordan v. Nationwide Mut. Fire. Ins. Co.*, 977 F.2d 47, 53 (2d Cir. 1992); *Carey*, 711 F.2d at 1147. The Second Circuit has permitted limited exception to this rule:

3

[o]ur Court has, however, allowed attorneys who failed to keep contemporaneous time records "to recover limited fees for any contemporaneously documented time that [the attorney] was physically before the district court." Thus, "entries in official court records (e.g. the docket, minute entries, and transcriptions of proceedings) may serve as reliable documentation of an attorney's compensable hours in court at hearings and at trial and in conferences with the judge or other court personnel."

*Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 148 (2d Cir. 2014) (quoting *Scott v. City of New York*, 643 F.3d 56, 58 (2d Cir. 2011) (vacating an award of attorneys' fees where counsel failed to create contemporaneous records)). The purpose of this rule is to avoid an inequitable result while maintaining the strong incentive *Carey* creates for lawyers to create contemporaneous time records. *Id.*

In this case, it is clear that Mr. Lenowitz has failed to keep contemporaneous time records. At first, Mr. Lenowitz submitted a request for attorney's fees (ECF No. 131) that was merely a list of hours. The request was accompanied by a letter from Mr. Lenowitz to Ms. Wabnik, thanking her for permitting Mr. Lenowitz to review the case files so that he could create a "recapitulation" of his time records. The letter indicates that Mr. Lenowitz used the case files and his "Red-Book Calendar" to compile a statement of his time records. (ECF No. 131 at 3.) The Court issued an Order on February 27, 2015, denying Mr. Lenowitz's request without prejudice, on the grounds that (1) his submission was not a contemporaneous record of hours expended, and (2) he provided no methodology for his submission beyond the letter to Ms. Wabnik.

(ECF No. 142.) The Court granted Mr. Lenowitz leave to file a formal motion for counsel fees, so long as he explained how he was accounting for his hours. Mr. Lenowitz submitted a new fee application on March 8, 2015. (ECF No. 145.) The application clearly states that Mr. Lenowitz's hourly records were created at the close of the case, based upon his review of his calendar and the case file. In other words, he combed through the case file and estimated the time he spent working on each item in the file—from correspondence, to motions, to meetings that appear on his calendar.[1]

Under these circumstances, the Court cannot grant Mr. Lenowitz's motion. Mr. Lenowitz has not argued—and the Court, in its independent review, cannot find—that an exception to the rule of *Carey* is warranted here. In fact, Mr. Lenowitz's submission illustrates why it is important for courts to strictly enforce the contemporaneous records requirement. For example, Mr. Lenowitz has billed every meeting that appeared in his calendar for exactly one hour's time, on every occasion. Moreover, he has billed every time entry in increments of thirty minutes; no entry is for less than thirty minutes, and most entries are rounded to multiple hours. Incredibly, Mr. Lenowitz has also included a section marked "ECF transmittals," in which he seeks to recover five hours' time for receiving electronic case notifications.

To say the least, Mr. Lenowitz's records are neither accurate nor susceptible to any meaningful judicial review. Accordingly, the Court will award Mr. Lenowitz only his

---

[1] Based upon the repetitive, uniform use of certain time allotments for particular tasks, it is clear that any review by Mr. Lenowitz of his "Red-Book Calendar" only revealed the dates on which meetings or other scheduled matters took place, rather than contemporaneous entries of specific hours worked.

hours for appearing "physically before the district court." *Marion S. Mishkin Law Office*, 767 F.3d at 148; *see also Scott*, 643 F.3d at 58 (remanding case and directing district court to award fees based "exclusively upon official court records"). Mr. Lenowitz has requested fees for a total of fourteen hours of court appearances (in person or by telephone). Defendants have not contested that these appearances occurred. The Court, therefore, concludes that Mr. Lenowitz is entitled to fees for fourteen hours of time.

The Court emphasizes that its decision to deny Mr. Lenowitz any further award was not taken lightly. Indeed, the Court encouraged Mr. Lenowitz to submit a formal motion supporting his theory of recovery. (Order, ECF No. 142.) Mr. Lenowitz declined that invitation, and instead submitted what is, effectively, a bill to the Court, without any citation to precedent or legal argument. In the absence of any reason to depart from the rule of *Carey*, the Court will not award any more than fourteen hours of fees. *See Scott*, 626 F.3d at 133 ("While we can imagine rare circumstances where an award of fees might be warranted even in the total absence of contemporaneous records—such as where the records were consumed by fire or rendered irretrievable by a computer malfunction . . . the circumstances justifying such an exception would have to be found by the awarding court and laid out in sufficient detail to permit [appellate] review.").

Turning to the matter of Mr. Lenowitz's hourly rate, the Court concludes that the requested hourly rate of $400 is unreasonable, and that $350 is the appropriate rate for Mr. Lenowitz. "Courts have awarded rates of $200 to $400 per hour for partners in this district." *Capone v. Patchogue-Medford Union Free Sch. Dist.*, No. 04-CV-2947 (JS)(MLO), 2011 WL 743573, at *2 (E.D.N.Y. Feb. 23, 2011); *see also United States v. Jones*, No. 11-CV-2869 (JFB), 2013 WL 6408639, at *3 (E.D.N.Y. Dec. 9, 2013) (noting that "recent Eastern District cases have indicated that the range of appropriate billing rates in this District is $200-$375 for partners"). Of course, in light of the numerous factors that courts in this circuit consider to determine a reasonable hourly rate, "the range of 'reasonable' attorney fee rates in this district varies depending on the type of case, the nature of the litigation, the size of the firm, and the expertise of its attorneys." *Siracuse v. Program for the Dev. of Human Potential*, No. 07-CV-2205 (CLP), 2012 WL 1624291, at *30 (E.D.N.Y. Apr. 30, 2012). Here, Mr. Lenowitz has not offered any information regarding the nature of his practice, his depth of experience, or the particulars of his educational background, aside from his statement that he has been admitted to the bar for forty years. Absent such evidence, the Court declines to award an hourly rate that is at the upper range of rates in this district, especially given that this case—and counsel's performance—were average among cases in this Court.

Accordingly, the Court awards Mr. Lenowitz $4,900.00 in fees, based upon the Court's calculation of fourteen hours at a rate of $350 per hour.

2. Plaintiff's Replacement Counsel

Plaintiff's replacement counsel have submitted detailed time records and an affidavit attesting to their experience as attorneys and their work on this matter. These records are amply sufficient for the Court to evaluate the application for counsel fees. The Court first discusses plaintiff's counsel's hourly rates, and then discusses the hours expended.

a. Hourly Rates

Here, plaintiff requests the following hourly rates:

| Attorney | Role | Rate |
| --- | --- | --- |
| Brian Avello | Associate | 225 |
| Jennie Croyle | Associate | 185 |
| David Ehrlich | Associate | 295 |
| Ronald Terenzi | Partner | 460 |
| Debra Wabnik | Partner | 400 |

Defendants do not object to these rates (*see* Def. Mem. at n.2)[2], and, in light of the prevailing hourly rates in this district and all other factors set forth in *Arbor Hill* and *Johnson*, the Court concludes that the requested rates are reasonable.

b. Reasonable Hours

Plaintiff's counsel has submitted a billing summary of work performed on the case. There is no dispute here that plaintiff's submissions satisfy the contemporaneous records requirement. However, defendants contend that plaintiff's hours should be reduced because: (1) plaintiff's law firm overstaffed attorneys on the case; (2) an associate spent excessive time on a pre-trial motion; (3) several entries are vague; (4) counsel billed for several attorneys to sit in on telephone conferences with the Court; (5) Ms. Croyle billed time for clerical work; and (6) counsel spent a great deal of time "getting up to speed" on the case, as a result of plaintiff's change in counsel.

The Court disagrees with defendants' assertion that plaintiff's counsel overstaffed this case. The vast majority of the hours were billed by one partner and two associates, which is entirely reasonable. As plaintiff's counsel points out, delegating work to junior associates reduced the overall fees, because the associates billed at a significantly reduced hourly rate. (Pl. Reply Mem. at 3.) In fact, the firm was obligated to delegate work to junior associates. *Winkler v. Metro. Life Ins. Co.*, No. 03 Civ. 9656 (SAS), 2006 U.S. Dist. LEXIS 56464, at *7 (S.D.N.Y. Aug. 10, 2006) ("a failure to delegate work to junior, less expensive attorneys may be grounds for reducing an award of attorney's fees.") (quotation omitted). The Court also declines to reduce the fee application on the grounds that an associate billed several hours for supervising the preparation of trial binders and coordinating service of process. Although defendants characterize these tasks as "administrative," it is entirely appropriate for a junior attorney to supervise and take part in these tasks. In any event, the associate's low hourly rate ($185, as compared to a paralegal's rate of $110) only increased the bill for these tasks by a minimal amount, as plaintiff points out. (Pl. Reply Mem. at 9.) The Court also disagrees with defendants' assertion that the billing entries are impermissibly vague. The entries defendants challenge specify the general topic of legal research performed, which is sufficiently specific to permit review of these records.

Nevertheless, the Court has reviewed plaintiff's submissions and defendants' objections, and has determined that a reduction in hours is necessary, because it is clear that a significant portion of the hours expended were necessitated by the change in counsel and because an excessive amount of time was billed for certain tasks.

---

[2] Plaintiff has also submitted time records and hourly rates from interns (Moshe Baroosan ($100) and Helena Habib ($100)) and support staff (JoAnna Russo ($110), and Susan Hons ($50)). Defendants do not object to these hourly rates.

6

First, the Court agrees that defendants should not bear the cost of the inefficiencies necessarily created by plaintiff's change in representation. Moreover, the change in counsel occurred before trial, but after the Court decided the cross-motions for summary judgment, and as a result plaintiff's new counsel was entirely unfamiliar with a lengthy case record at the time the firm assumed representation. In addition to having to spend substantial time becoming familiar with all of the discovery in the case, there were other inefficiencies created by the timing of the change in counsel that are apparent in the time records (and were clear to the Court in its supervision of the case). For example, new plaintiff's counsel noted that there were numerous issues with the Pretrial Order to which prior plaintiff's counsel agreed and, as a result, successfully persuaded the Court to allow amendments to that Pretrial Order. However, this re-vamping of the Pretrial Order resulted in over 35 hours being billed to legal research, court conferences, discussions, and drafting in connection with the revised Pretrial Order. Although the Court permitted the amendments in its discretion (for the reasons set forth on the record), defendants should not have to bear the cost of those efforts and the change in approach to the case.

In any event, even if the transition between attorneys had been seamless, the requested amount of hours (864) is certainly excessive, considering that these hours represent only work performed in connection with the trial and the post-trial motions.[3] This case was not complex, and the trial was not long. The Court has reviewed the billing records and concludes that an excessive amount of time was spent on a number of tasks. For example, the 67.15 hours billed for work on a ten-page motion *in limine* were excessive. Although plaintiff asserts that this was a "laborious" motion because it required an extensive review of deposition transcripts, this analysis would have taken far less time if it had been performed by an attorney who had participated in discovery and attended the depositions themselves. The motion likely took a great deal of time because the attorneys drafting the briefing were not familiar with the record. As the Court has already explained, defendants are not obliged to pay for the time associated with plaintiff's change in counsel. In any event, whether the amount of time spent is due to the change in counsel or some other inefficiency, it is clear that the hours spent on various tasks in the preparation of the trial, and the trial itself, were excessive.[4]

For these reasons, the Court concludes that an across-the-board percentage cut in hours is necessary in order to trim the excess from counsel's billing entries. *See Simmonds v. N.Y. City Dep't of Correction*, No. 06 Civ.

---

[3] In contrast, Mr. Lenowitz requested 258 hours for work performed over several years, from the initial pleadings through discovery and summary judgment practice. Although that number is questionable for the reasons the Court has already discussed, plaintiff's current firm has billed over three times that amount for work on the trial and post-trial motions alone.

[4] In the Court's review of the billing records, there were other examples of excessive hours spent on certain issues and tasks. For example, over 30 hours was billed in connection with a cell phone tower evidentiary issue, which included a 7-page *in limine* motion. In addition, over 23 hours was billed for assembling trial exhibit notebooks. At least 2.5 hours were spent reviewing basic rules relating to filing deadlines and pre-trial matters. The Court saw a similar pattern of excessive time spent, primarily by the junior associate, on various tasks and/or motions. Although the Court is not questioning the accuracy of the time recorded for these tasks and/or motions, the Court believes that these hours were excessive, based upon a review of the record and having presided over the case.

5298 (NRB), 2008 U.S. Dist. LEXIS 74539, at *24 (S.D.N.Y. Sept. 16, 2008) (reducing hours by 40% based upon an inefficient co-counsel arrangement); *Charles v. City of New York*, No. 13 Civ. 3547, 2014 U.S. Dist. LEXIS 124056, at *15-16 (S.D.N.Y. Sept. 4, 2014) (reducing requested hours by 30% because of vague billing); *United States ex rel. ATC Distrib. Group, Inc. v. Ready-Built Transmissions, Inc.*, No. 03 Civ. 2150 (GWG), 2007 U.S. Dist. LEXIS 65963, at *20 (S.D.N.Y. Sept. 7, 2007) (reducing hours in fee application by 33%); *Kirsch v. Fleet St.*, 148 F.3d 149, 173 (2d Cir. 1998) (upholding fee reduction of 20%). Accordingly, under the particular circumstances of this case, the Court is reducing the firm's billable hours across-the-board by 25%.[5] The following table represents the Court's calculations:

| Attorney | Hours (Billed) | Hours (Awarded) | Rate |
|---|---|---|---|
| Brian Avello | 11.5 | 8.6 | 225 |
| Jennie Croyle | 355.7 | 266.8 | 185 |
| David Ehrlich | 335.6 | 251.7 | 295 |
| Ronald Terenzi | 3.6 | 2.7 | 460 |
| Debra Wabnik | 98.8 | 74.1 | 400 |

The above calculations yield a total of $156,426.50 in counsel fees. The Court finds no reason to reduce the hours submitted by administrative personnel and interns, and awards the requested $6,152 for that time. The total fee award, then, is $162,578.50 for the firm of Stagg, Terenzi, Confusione & Wabnik.

The Court sees no reason to depart from the lodestar figure in this case. *See, e.g.*, *Perdue*, 559 U.S. at 553 (noting that lodestar figure includes "most, if not all," relevant factors in setting reasonable attorney's fee). Therefore, the Court awards plaintiff $162,578.50 in fees for the work performed by Stagg, Terenzi, Confusione & Wabnik.

### B. Costs

"As for costs, a court will generally award 'those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" *Pennacchio v. Powers*, No. 05-CV-985 (RRM) (RML), 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011) (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)). "The fee applicant bears the burden of adequately documenting and itemizing the costs requested." *Id.*; *see also First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*, No. 10-CV-696 (KAM)(SMG), 2013 WL 950573, at *10 (E.D.N.Y. Mar. 12, 2013). In particular, under Local Civil Rule 54.1, "the party must include as part of the request 'an affidavit that the costs claimed are allowable by law, are correctly stated and were necessarily incurred,'" and "[b]ills for the costs claimed must be attached as exhibits." *D.J. ex rel. Roberts v. City of New York*, No. 11-CV-5458 (JGK)(DF), 2012 WL 5431034, at *9 (S.D.N.Y. Oct. 16, 2012) (quoting Local Civ. R. 54.1(a)), *report & recommendation adopted*, 2012 WL 5429521 (S.D.N.Y. Nov. 7, 2012).

Here, plaintiff requests $4,561.50 for litigation costs, and has submitted an itemized list of costs. Defendants object to many of the requested items, on the grounds that these costs are not accurately documented. Defendants are correct that the Court cannot award plaintiff costs that have not been appropriately documented. The following costs are documented: $473.17 in records fees, $246.24 in postage costs for overnight mail, $1408.85 for photocopies,

---

[5] The defendants specifically argued for a 25% reduction based upon numerous grounds, some of which the Court has rejected. Nevertheless, the Court concludes, based upon its own independent review of the records, that a 25% reduction is warranted based upon the more limited grounds detailed in this opinion.

$239.90 for subpoena fees, and $400.00 for process servers, for a total of $2,768.16. (*See* ECF No. 140). Accordingly, the Court awards plaintiff $2,768.16.

Finally, the Court declines to award Mr. Lenowitz costs, because he has failed to submit any documentary evidence supporting his request for $20,194.95 in costs. The Court has afforded Mr. Lenowitz two opportunities to submit his application for fees and costs, and he has failed to attempt to submit any documentation. The issue of documentation for costs was thoroughly litigated with respect to plaintiff's current counsel, and therefore Mr. Lenowitz was on notice that he would be required to support his request with receipts and other documentary evidence. The lone cost supported by the record here is the filing fee in this action. Therefore, the Court awards Mr. Lenowitz $400 in costs.

### III. CONCLUSION

For the reasons set forth herein, the Court awards plaintiff $162,578.50 in attorneys' fees and $2,768.16 in costs for the work performed by Stagg, Terenzi, Confusione & Wabnik, and $4,900.00 in fees for the work performed by Mr. Lenowitz. The Court additionally awards Mr. Lenowitz $400.00 in costs. The Clerk of Court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: April 2, 2015
 Central Islip, NY

\* \* \*

Plaintiff is represented by David Erlich and Debra Wabnik of Stagg, Terenzi, Confusione & Wabnik, 401 Franklin Avenue, Suite 300, Garden City, NY 11530. Defendants are represented by Robert Pike and Laurence Cohen of Pike & Pike, P.C., 1921 Bellmore Avenue, Bellmore, NY 11710.